**STATE of Minnesota, Respondent,**

v.

**Peter Wayne LAKIN, Appellant.**

**No. C3–85–1100.**

Court of Appeals of Minnesota.

Dec. 3, 1985.

Review Denied Dec. 30, 1985.

Review Denied Jan. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, John Carlson, Pine County Atty., Pine City, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant Peter Wayne Lakin was convicted of two counts of assault in the second degree, Minn.Stat. § 609.222 (1984). The charges arose out of a series of acts which culminated in appellant stabbing two roommates, but claiming self-defense. On appeal appellant contends that, as a matter of law, the evidence was insufficient to show he was not acting in self-defense. He also challenges the trial court's imposition of consecutive sentences. We affirm the conviction and the sentence.

## FACTS

In late 1984, appellant moved into a house near Rock Creek, Minnesota, with two friends, Billy Joe Pierce and Donnie Conklin. On January 11, 1985, the three spent the evening at home playing cards and drinking beer and whiskey with two other friends. After the two friends left, appellant went to his second floor bedroom.

At this point the recollections and oral testimony of appellant and the two victims, Pierce and Conklin, as to the events of that night differ sharply.

Pierce went up to appellant's room. According to Pierce, he asked appellant to rejoin them in the kitchen to drink. The door flew open and appellant stabbed him in the stomach with a knife.

Appellant's version differs drastically. He testified that Pierce pounded on and eventually kicked open the door. Appellant claimed he pushed Pierce out of his room and as Pierce got up, appellant grabbed a knife from beneath his pillow and told Pierce to leave. Pierce tried to shove appellant. Appellant poked Pierce with the knife once and then poked him a second time in the stomach. As he did so, Pierce stepped into the blade.

Pierce went downstairs to lie down on the couch and he told Conklin what happened. When appellant came downstairs, he stabbed Conklin as they wrestled on the floor. Appellant claimed that he brought his knife downstairs for protection because he expected Conklin to attack him for stabbing Pierce.

According to appellant, Conklin would not let appellant go for help and they again wrestled on the floor. Appellant admitted stabbing Conklin, but claimed he stabbed him in self-defense because he believed Conklin would use broken glass or appellant's knife to stab appellant.

Conklin testified that when appellant came down from his bedroom, Conklin asked appellant why he had stabbed Pierce. Conklin stated appellant denied stabbing Pierce. Then appellant unexpectedly stabbed Conklin. Conklin testified that he and appellant fell to the floor. Appellant got up first, said he would summon help, and left the house.

Appellant was charged with two counts of assault in the first degree, Minn.Stat. § 609.221, and two alternative counts of assault in the second degree Minn.Stat. § 609.222. At trial appellant claimed self-defense. The trial court instructed the jury on the charged offenses, as well as the lesser offense of assault in the third degree, Minn.Stat. § 609.223.

The jury acquitted appellant of the two counts of first degree assault but convicted him of two counts of second degree assault and two counts of third degree assault. Appellant was sentenced to consecutive terms of 21 months imprisonment for each second degree assault conviction. The trial court then dismissed appellant's conviction for third degree assault pursuant to Minn. Stat. § 609.04 (1984).

## ISSUES

1. Was the evidence sufficient to sustain appellant's convictions?

2. Did the trial court abuse its discretion in imposing consecutive sentences?

## ANALYSIS

### I.

*Sufficiency of the evidence*

■ Appellant claims the jury should have disbelieved Pierce and Conklin and accepted his self-defense claim. Appellant states that what the victims told the investigating officers was inconsistent with what they testified to at trial. We agree that the victims' versions to the officers were somewhat inconsistent with their trial testimony and with appellant's version. However, the inconsistencies in the victims' version of the events were highlighted both in cross-examination and defense counsel's closing argument. Appellant's counsel fairly and forcefully made the most of those inconsistencies on appellant's behalf, but an attorney cannot force a jury to accept one side over the other. The jury resolves testimonial conflicts, *State v. Lloyd,* 345 N.W.2d 240, 245 (Minn.1984). Appellant concedes that on sufficiency of the evidence claims, appellate courts review evidence in the light most favorable to the State and may assume the jury chose to believe the State's rather than appellant's witnesses. *State v. Brouillette,* 286 N.W.2d 702, 705 (Minn.1979).

Both Pierce and Conklin testified the attacks were unprovoked. There was credible medical evidence showing substantial injuries. There was no solid corroboration for appellant's claim that he felt in danger of bodily harm during the incidents. Even though appellant argues vigorously that he acted in self-defense, the record does not show that *as a matter of law* the victims had to be disbelieved and judgment of acquittal entered.

We hold the evidence sufficient to support the jury verdict.

### II.

*Consecutive sentences*

■ Appellant was sentenced to two consecutive sentences of twenty-one months for each of the assaults against Pierce and Conklin. He claims the trial court erred in imposing consecutive sentences. The supreme court discussed an identical claim in *State v. Montalvo,* 324 N.W.2d 650 (Minn. 1982) stating:

Under the multiple-victim exception to the rule of Minn.Stat. § 609.035 [1980], which bars multiple sentencing in cases of multiple offenses committed as part of the same behavioral incident, the trial court may impose one sentence per victim in multiple victim cases so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. Here the multiple sentences do not unfairly exaggerate the

criminality of defendant's conduct and therefore the consecutive sentencing was not barred by section 609.035.

The only other issue is whether the consecutive sentencing constituted a departure from the presumptive sentence requiring justification. The answer to this is provided by II.F. of the Sentencing Guidelines, which specifically provides that consecutive sentencing is not a departure in three situations, including "[w]hen the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." Stacking of mandatory prison terms is clearly permitted under *State v. Profit,* 323 N.W.2d 34 (Minn. 1982).

Since the consecutive sentencing was not barred by section 609.035 and was permitted by II.F. of the Sentencing Guidelines, we affirm the sentence.

*Id.* at 652 (citations omitted). *See State v. Kennedy,* 342 N.W.2d 631 (Minn.1984).

The medical testimony relating to both victims disclosed stab wounds necessitating extensive emergency surgery which the local hospital was not equipped to handle. Both men were transferred by ambulance to the Ramsey County Medical Center. Pierce underwent surgery for a knick in his liver and a perforated colon. The colon injury necessitated a removal of a portion of Pierce's large bowel and the performance of a colostomy. Conklin's stab wounds resulted in a partial bowel resection. We cannot say that the multiple sentences unfairly exaggerated the criminality of appellant's conduct.

We hold that the trial court did not err in imposing consecutive sentences.

Appellant filed a *pro se* reply brief with the court. We have read and considered his issues. Appellant's brief as to the question of sufficiency of the evidence reargues the previously discussed conflicting oral testimony at trial as to who was the aggressor, what were the respective intentions of appellant and the victims during the fights, and the concerns appellant·had for his own safety. Our previous citation to the deference accorded a jury's factual resolution of conflicting testimony controls.

On the issue of consecutive sentences, appellant argues, as did his appeal attorney, that the consecutive sentences unfairly exaggerated the criminality of his conduct. We have considered that issue and cannot say that, as a matter of law, the trial court erred in imposing consecutive sentences. After due consideration, appellant's *pro se* brief does not change our opinion.

### DECISION

The evidence was sufficient to sustain appellant's convictions for assault in the second degree.

The trial court did not abuse its discretion in sentencing consecutively in a case involving multiple offenses committed against multiple victims.

Affirmed.