Peter W. **LAKIN**, Petitioner, Appellant,

v.

**STATE** of Minnesota, Respondent.

No. C8–86–2169.

Court of Appeals of Minnesota.

June 9, 1987.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Peter W. Lakin was convicted of two counts of second-degree assault. The convictions were affirmed in Lakin's direct appeal to this court. *State v. Lakin,* 378 N.W.2d 101 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985, and Jan. 17, 1986). His subsequent pro se petition for post-conviction relief was denied and is the subject of this appeal. We affirm.

## FACTS

The facts of this case are stated in *State v. Lakin,* 378 N.W.2d 101 (Minn.Ct.App. 1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985, and Jan. 17, 1986). On January 11, 1985, a series of events culminated in Peter Lakin stabbing each of his roommates, Billy Jo Pierce and Donnie Conklin. Lakin was convicted of two counts of second-degree assault in violation of Minn.Stat. § 609.222 (1984) and sentenced to two consecutive, 21–month prison terms.

Lakin filed a direct appeal to this court, claiming as a matter of law that the evidence was insufficient to show he was not acting in self-defense and challenging the imposition of consecutive sentences. Lakin also filed a pro se reply brief. In both briefs Lakin claimed the evidence was insufficient to support his conviction. He emphasized inconsistencies in the victims' versions of the events and argued he acted solely in self-defense. Lakin alleged in his pro se brief that his defense attorney failed to adequately cross-examine the State's witnesses and that their inconsistent, perjured testimony denied him a fair trial.

This court found the evidence sufficient to sustain Lakin's assault convictions. *Lakin,* 378 N.W.2d at 103. The court recognized the inconsistencies in the victims' original statements and their trial testimony, but found that Lakin's attorney properly highlighted those inconsistencies on cross-examination and during closing arguments. *Id.* This court deferred to the

jury's ability to resolve conflicting testimony and affirmed. *Id.*

The post-conviction court denied Lakin's pro se petition for post-conviction relief, holding the claims of ineffective counsel and perjured testimony were previously raised in his direct appeal. In responding to Lakin's contention that defense counsel was ineffective because the court appointment process created a conflict of interest, the court noted that public defenders are completely independent and neither hired nor fired by the judiciary. Finally, the court found that the case was well defended. Lakin appeals the post-conviction court's ruling.

## ISSUE

Did the post-conviction court err in denying a petition for post-conviction review which was filed after an unsuccessful direct appeal?

## ANALYSIS

■ There is no right to a hearing for post-conviction relief if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief" or if "the issues raised * * * have previously been decided by the court of appeals or the supreme court in the same case." Minn.Stat. § 590.04, subds. 1, 3 (1984). Moreover, all claims known but not raised at the time of direct appeal will not be considered in a subsequent petition for post-conviction relief unless the claims are so novel their legal basis was not reasonably available to counsel at the time of the direct appeal. *Case v. State,* 364 N.W.2d 797, 799–800 (Minn.1985).

■ The State alleges that the issues upon which Lakin seeks post-conviction relief either were addressed on the direct appeal or known but not raised on direct appeal. In addition to the issues of perjured testimony and adequacy of counsel, Lakin claims his status as a pro se petitioner warranted a full evidentiary hearing to explain the basis of his claims. However, Lakin asserts only claims either known or raised on direct appeal.

The issue of the victims' perjured trial testiony was addressed on direct appeal. Lakin specifically addressed the victims' inconsistent testimony in his trial brief and pro se reply brief. On direct appeal this court affirmed the convictions over Lakin's claim of insufficient evidence:

> Appellant claims the jury should have disbelieved Pierce and Conklin and accepted his self-defense claim. Appellant states that what the victims told the investigating officers was inconsistent with what they testified to at trial. We agree that the victims' versions to the officers were somewhat inconsistent with their trial testimony and with appellant's version * * * The jury resolves testimonial conflicts * * *.

> \*     \*     \*     \*     \*     \*

> Even though appellant argues vigorously that he acted in self defense, the record does not show that *as a matter of law* the victims had to be disbelieved and judgment of acquittal entered.

*Lakin,* 378 N.W.2d at 103 (citations omitted). Because this issue was properly raised and decided on direct appeal, it is not reviewable in a petition for post-conviction relief.

Lakin also claims he was denied adequate and effective assistance of counsel. First, he claims ineffective cross-examination of the victims, poor investigation of the facts of the case, and failure to move that the victims be charged with perjury. However, Lakin also alleged inadequate cross-examination on his direct appeal. This court recognized the adequacy of Lakin's defense counsel by holding:

> [T]he inconsistencies in the victims' version of the events were highlighted both in cross-examination and defense counsel's closing argument. Appellant's counsel fairly and forcefully made the most of those inconsistencies on appellant's behalf, but an attorney cannot force a jury to accept one side over the other.

*Lakin,* 378 N.W.2d at 103. Although this court did not address any other allegations of inadequate representation, those claims

were known and available to Lakin in his direct appeal.

■ Lakin's second claim of inadequacy of counsel is based on the alleged creation of a conflict of interest and displaced loyalties of counsel because he was represented by a court-appointed defense attorney. The post-conviction court correctly noted that the public defender is hired and operates independently under the direction of the State Board of Public Defense. In *In re Office of Dist. Public Defender*, 373 N.W.2d 772, 776–77 (Minn.1985), the Minnesota Supreme Court recognized that in those districts which have joined the public defense system, defenders are fully independent and not subject to control of the judiciary before whom they appear in the representation of defendants. Similarly, the public defender is not answerable to the county attorney, as Lakin claims. Lakin's allegations of defense counsel's misplaced loyalties and ineffective representation are without merit.

## DECISION

The post-conviction court did not err in denying appellant's hearing and petition for post-conviction review.

Affirmed.