STATE of Minnesota, Respondent,

v.

James Kenneth BRIGGS, Appellant.

No. 46512.

Supreme Court of Minnesota.

July 8, 1977.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Keith M. Brownell, County Atty., Alan L. Mitchell, Asst. County Atty., Duluth, for respondent.

PER CURIAM.

Defendant was charged in district court with four counts of attempted first-degree murder, Minn. St. 609.17 and 609.185. The trial court also submitted attempted second-degree murder and aggravated assault, but refused a defense request that he submit simple assault. The jury found defendant guilty of three counts of aggravated assault, Minn. St. 609.225, and the trial court sentenced defendant to three consecutive 1- to 3-year terms in prison. On his appeal from judgment of conviction, defendant contends that (1) simple assault is a necessarily included offense of attempted first-degree murder under Minn. St. 609.04 and under the evidence should have been submitted to the jury, and (2) the prohibition of Minn. St. 609.035 against multiple punishment for crimes arising out of a single-behavioral incident barred the imposition of three sentences even though three separate victims were involved. We affirm.

1. Minn. St. 609.22 provides that one commits simple assault if he does the following:

"(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

"(2) Intentionally inflicts or attempts to inflict bodily harm upon another."

While attempting to inflict bodily harm upon another is necessarily proven when attempted first-degree murder is proven, it does not follow that the trial court was required to submit simple assault. As we held in *State v. Leinweber*, 303 Minn. 414, 422, 228 N.W.2d 120, 125 (1975), the test which must be applied in determining whether to submit a lesser-included offense is whether there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense. In this case if defendant was guilty of some form of attempting to inflict bodily harm, it was the more serious type, involving use of a dangerous weapon with intent to inflict great bodily harm.

2. In *State ex rel. Stangvik v. Tahash*, 281 Minn. 353, 161 N.W.2d 667 (1968), a multiple murder case, we rejected the

contention that the multiple concurrent terms violated § 609.035, which prohibits multiple punishment for multiple offenses committed as part of a single-behavioral incident. In doing so, this court stated that "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." 281 Minn. 360, 161 N.W.2d 672. See, also, *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975) (consecutive sentences, one for each victim, approved).

In this case defendant was found guilty of three counts of aggravated assault for his act of firing some 20 shots of ammunition at the three victims, and we hold that under the circumstances the court did not violate § 609.035 in sentencing defendant to three consecutive sentences.

Affirmed.