STATE of Minnesota, Respondent,

v.

Larry Lyle MARQUARDT, Appellant.

No. 50645.

Supreme Court of Minnesota.

July 3, 1980.

Meshbesher, Singer & Spence, Kenneth Meshbesher and Carol M. Grant, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, R. Kathleen Morris, County Atty., Shakopee, for respondent.

OTIS, Justice.

Defendant was originally charged in district court with seven felony counts (one count of third-degree murder, one count of intentional infliction of great bodily harm, and five counts of assault with a dangerous weapon) for firing two bullets into a bar in Shakopee after he was ejected from the bar. A total of seven people inside the bar were struck by the two shots. One person died and another person was critically injured. The prosecutor and defense counsel negotiated a plea agreement whereby the five counts of assault with a dangerous weapon were dropped and defendant entered guilty pleas to second-degree manslaughter (as a lesser-included offense of the charge of third-degree murder) and intentional infliction of great bodily harm, Minn.Stat. §§ 609.205(1); .225, subd. 1 (1978), offenses carrying maximum prison terms of seven years and ten years respectively. The trial court sentenced defendant to limited terms of five years for manslaughter and three years for the assault but ordered that the terms be served consecutively. Defense counsel claims that the multiple sentences unfairly exaggerate the criminality of defendant's conduct and, therefore, that one of the sentences should be vacated pursuant to Minn.Stat. § 609.035 (1978). We affirm.

Minn.Stat. § 609.035 generally bars multiple punishment of a defendant for multiple offenses arising from a single behavioral incident. In a number of cases, however, we have upheld multiple sentences for multiple crimes arising from the same behavioral incident when there were multiple victims to the crimes. *See, e. g., State v. Briggs,* 256 N.W.2d 305 (Minn.1977),

where we upheld three consecutive prison terms imposed on a defendant who was found guilty of three counts of aggravated assault for firing twenty rounds of ammunition at three people on a porch. We agree with defendant that the multiple-victim exception to the statute is not a purely mechanistic test. The rule is not that a defendant should be sentenced to one sentence per victim but that one sentence may be imposed per victim in multiple-victim cases so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. *See State v. Rieck*, 286 N.W.2d 724 (Minn.1979). Our examination of the record in this case satisfies us that imposition of the multiple consecutive sentences does not unfairly exaggerate the criminality of defendant's conduct.

Affirmed.