STATE of Minnesota, Respondent,

v.

Reynaldo MONTALVO, Appellant.

No. 81–1082.

Supreme Court of Minnesota.

Oct. 1, 1982.

C. Paul Jones, Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Richard Osborne, Asst. County Atty., Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was convicted by a district court jury of two counts of aggravated assault in the second degree, Minn.Stat. § 609.222 (1980) (assault with a dangerous weapon). The Minnesota Sentencing Guidelines provide a presumptive term of 21 months stayed for assault in the second degree (severity level VI) by one with defendant's criminal history score (zero). However, because a dangerous weapon was used, the two offenses were offenses carrying a mandatory prison term under Minn. Stat. § 609.11 (1980). Therefore, under II.E. of the Sentencing Guidelines the presumptive sentence is 21 months executed. The trial court sentenced defendant to two consecutive 21-month prison terms, one per conviction. On this appeal from judgment of conviction defendant contends that he should be given a new trial on the ground that he was not given adequate interpretation of the trial by his interpreter. He argues alternatively that consecutive sentencing was unjustified under the Sentencing Guidelines and under Minn.Stat. § 609.-035 (1980). We affirm.

On April 25, 1981, defendant, who was from Cuba and speaks very little English, became involved in a disagreement with another customer at a Hopkins Bar. Defendant produced a small caliber revolver and was pointing it at this customer when a waitress knocked his arm. The gun discharged simultaneously but the other person was not wounded. Defendant then ran for the exit but was caught from behind by a bouncer. Breaking free, defendant turned and fired one shot into this man's neck at close range. The bullet, which passed through the neck from left to right, nearly hit a major blood vessel.

1. Defendant's contention that he was denied a fair trial is based on an instruction which the trial court gave to defendant's interpreter that she should "feel free to translate to the defendant whatever you think is appropriate and keep him advised of what's going on, and I don't know that you have to tell every single word that's being said, but you use your own judgment and whisper to him whatever is going on." Defendant contends that this instruction to the interpreter, who was not an attorney, limited her communication with defendant and thereby denied defendant his right to due process of law, confrontation of witnesses, and effective assistance of counsel. Defendant also argues that his nonresponsive answers to questions when he testified demonstrated that he did not really understand what was being asked of him.

Cases of this court dealing with interpreters for criminal defendants include *State v. Saldana,* 310 Minn. 249, 246 N.W.2d 37 (1976), and *State v. Sauer,* 217 Minn. 591, 15 N.W.2d 17 (1944). *See also* Minn.R.Crim.P. 26.03, subd. 16.

The issue in this case is not so much with the appointment of the interpreter nor with the interpreter's competence, but with the instructions given to the interpreter by the trial court.

We agree with defendant that the trial court's instruction to the interpreter arguably invites a person who is not a lawyer to decide what she thinks is relevant and to interpret only that. However, this interpreter was retained by the defense and therefore defense counsel easily could have and probably did make it clear to her that she should translate for defendant every-

thing that was said both at the omnibus hearing and at trial. We cannot presume, as defendant would have us do, that the interpreter did not adequately interpret the trial for him. Stated differently, defendant has failed to meet his burden of proving on appeal that the interpretation was inadequate.

2. Defendant's other contention, that the trial court erred in imposing consecutive sentences, is without merit.

Under the multiple-victim exception to the rule of Minn.Stat. § 609.035 (1980), which bars multiple sentencing in cases of multiple offenses committed as part of the same behavorial incident, the trial court may impose one sentence per victim in multiple victim cases so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. *State v. Marquardt,* 294 N.W.2d 849, 851 (Minn.1980). *See also State v. Rieck,* 286 N.W.2d 724 (Minn.1979), and *State v. Briggs,* 256 N.W.2d 305 (Minn. 1977). Here the multiple sentences do not unfairly exaggerate the criminality of defendant's conduct and therefore the consecutive sentencing was not barred by section 609.035.

The only other issue is whether the consecutive sentencing constituted a departure from the presumptive sentence requiring justification. The answer to this is provided by II.F. of the Sentencing Guidelines, which specifically provides that consecutive sentencing is not a departure in three situations, including "[w]hen the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." Stacking of mandatory prison terms is clearly permitted under *State v. Profit,* 323 N.W.2d 34 (Minn., 1982).

Since the consecutive sentencing was not barred by section 609.035 and was permitted by II.F. of the Sentencing Guidelines, we affirm the sentence.

Affirmed.