STATE of Minnesota, Respondent,

v.

Jason Michael RHOADES, Appellant.

No. A04–525.

Court of Appeals of Minnesota.

Dec. 7, 2004.

---

Mike Hatch, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Jeanne L. Schleh, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Susan Andrews, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; PETERSON, Judge; and STONEBURNER, Judge.

## O P I N I O N

WRIGHT, Judge.

After pleading guilty to six counts of possession of child pornography and being sentenced in accordance with the terms of his plea agreement, appellant now challenges the multiple sentences that were imposed consecutively. Appellant and respondent agree that possession of the numerous pornographic images stored on appellant's computer was part of a single behavioral incident. Although a different child is depicted in each image, appellant argues that the multiple-victim exception permitting multiple sentences does not apply because (1) the children do not qualify as victims of the offense; and (2) the total sentence of 84 months' imprisonment exaggerates the criminality of his conduct. Respondent concedes that, because two of the pornographic images for which appellant was convicted and sentenced likely depict the same minor, one of the consecutive sentences imposed should be reversed

without disturbing the remaining consecutive sentences. We affirm in part, reverse in part, and remand.

## FACTS

In January 2002, St. Paul Police investigated a domestic disturbance at appellant Jason Michael Rhoades's home. During the investigation, police learned that Rhoades is a registered predatory sex offender who has been convicted twice of second-degree criminal sexual conduct involving a child. Police reports from Rhoades's prior offenses established that child pornography had been found on Rhoades's computer. Rhoades's probation officer notified police in January 2002 that, as a condition of his probation, Rhoades was barred from having access to the Internet and from any contact with a minor. During the course of the January 2002 investigation, police learned that Rhoades spent most of his free time on the Internet. As a result, a probation violation warrant was issued, and Rhoades turned himself in on January 8, 2002.

That day, Rhoades's cousin arrived at Rhoades's home with a list of property, including Rhoades's computer and other electronics, to be removed from Rhoades's residence. The police subsequently seized the computer from Rhoades's cousin and submitted the computer to the Minnesota Internet Crimes Against Children Task Force for a forensic examination. The forensic examination disclosed that a large number of files had been deleted from the computer on January 6, 2002.[1] The forensic examiner recovered from the computer approximately 100 files containing child pornography.

Rhoades was charged with ten counts of possession of child pornography, in violation of Minn.Stat. § 617.247, subds. 4(a), (b) (2002).[2] On October 21, 2003, Rhoades signed a plea agreement and pleaded guilty to counts I through VI. Pursuant to the plea agreement, each count was ranked as a level-four offense, and Rhoades agreed to receive a separate sentence on each count, to be served consecutively. The remaining counts would be dismissed at sentencing. With a criminal-history score of five and an offense level of four for count I, Rhoades agreed to a sentence of 27 months' imprisonment on that count and an additional year and one day for each subsequent count, to be served consecutively. The district court later adopted the recommendation of the presentence investigation report and reduced Rhoades's criminal-history score to four. This resulted in a sentence of 24 months' imprisonment for count I. The district court sentenced Rhoades to consecutive sentences, in conformity with the plea agreement, totaling 84 months' imprisonment. Counts VII through X were dismissed. This appeal followed.

## ISSUE

■ Did the district court err in imposing separate, consecutive sentences, in accordance with the plea agreement, for the six counts of possession of child pornography?

## ANALYSIS

Whether the possession of multiple pieces of child pornography involving different minors satisfies the multiple-victim exception to Minn.Stat. § 609.035, subd. 1 (2002), is a question of law, which we review de novo. *See State v. Murphy*, 545

---

1. At the guilty-plea hearing, appellant admitted that he deleted these files from his computer.

2. This is an unranked offense under the Minnesota Sentencing Guidelines.

N.W.2d 909, 914 (Minn.1996) (statutory construction is subject to de novo review). A district court's decision to impose consecutive sentences will not be disturbed on appeal absent a clear abuse of discretion. *Neal v. State*, 658 N.W.2d 536, 548 (Minn. 2003).

■ Although a district court ordinarily is precluded from imposing more than one sentence for multiple offenses committed in a single behavioral incident, Minn.Stat. § 609.035, subd. 1, a judicially created exception to this single-behavioral-incident rule permits the imposition of multiple sentences when (1) the offenses involve multiple victims; and (2) the multiple sentencing does not unfairly exaggerate the criminality of the defendant's conduct. *State v. Marquardt*, 294 N.W.2d 849, 850–51 (Minn.1980).

■ In addressing the multiple-victim exception, the Minnesota Supreme Court has stated on more than one occasion that "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." *State ex rel. Stangvik v. Tahash*, 281 Minn. 353, 360, 161 N.W.2d 667, 672 (1968); *see also State v. Rieck*, 286 N.W.2d 724, 727 (Minn.1979) (quoting *Stangvik*); *see State v. Briggs*, 256 N.W.2d 305, 306 (Minn.1977) (same). The multiple-victim exception, however, is not a "purely mechanistic test" driven by the prosecution's exercise of its discretion in charging decisions. *See Marquardt*, 294 N.W.2d at 851. Rather, whether multiple sentencing unfairly exaggerates the crimi-

nality of the conduct is a judicial determination that serves as a check against unfettered prosecutorial discretion.

Both Rhoades and the state agree that the six offenses are part of a single behavioral incident. Rhoades, however, challenges the district court's application of the multiple-victim exception, which resulted in the imposition of a sentence on each offense of conviction. Thus, we consider whether Rhoades's offenses involved multiple victims and, if so, whether his sentences unfairly exaggerate the criminality of his conduct.

As an initial matter, Rhoades asserts that children depicted in child pornography are not victims for the purpose of a possession offense. The state counters that possession of child pornography harms the children depicted in the pornographic images. And the complaint describes with specificity the content of each of the counts and makes clear that at least five of the charged offenses involve the depiction of different children. The remaining counts are based on photographic images depicting discrete additional acts against one of the same victims and multiple discrete acts against another victim.[3]

The statute criminalizing possession of child pornography, Minn.Stat. § 617.247 (2002), informs our analysis of whether the offense is a victimless crime. "A person who possesses a pornographic work or a computer disk or a computer ... containing a pornographic work, knowing or with reason to know its content and character, is guilty of a felony."[4] Minn.Stat. § 617.247, subd. 4. One purpose of the

---

**3.** The state concedes that construing the facts in the light most favorable to Rhoades, "one of the consecutive sentences could be vacated" because it is not clear from the record that the offense involved the depiction of a different child.

**4.** "Pornographic work" is defined as "(1) an original or reproduction of a picture ... involving a minor; or (2) any visual depiction ... or computer-generated image ... that: (i) uses a minor to depict actual or simulated sexual conduct[.]" Minn.Stat. § 617.246, subd. 1(f) (2002).

criminal child-pornography statute is "to protect minors from the physical and psychological damage caused by their being used in pornographic work depicting sexual conduct which involves minors." Minn. Stat. § 617.247, subd. 1. Specifically as to possession of child pornography, the statute states:

> It is therefore the intent of the legislature to penalize possession of pornographic work ... in order *to protect the identity of minors who are victimized* by involvement in the pornographic work, and *to protect minors from future involvement* in pornographic work depicting sexual conduct.

*Id.* (emphasis added).

The language of section 617.247 plainly establishes the legislature's intent to punish possession of child pornography as a crime that victimizes, or harms, the minor subject of the pornographic work. Indeed, the harm associated with possession of child pornography is twofold, (1) disclosure of the identity of the minor depicted in pornographic images and (2) perpetuation of the illicit use and exploitation of children. *See New York v. Ferber*, 458 U.S. 747, 759, 102 S.Ct. 3348, 3355–56, 73 L.Ed.2d 1113 (U.S.N.Y.1982). In its codified statement of intent, the legislature makes clear its view that the individual children depicted in the pornography Rhoades possessed are also victimized by the act of possession.

Rhoades also argues that the multiple-victim exception does not apply here because it applies only when the offender directly harms the victim. Because he possessed the child pornography, as opposed to producing it, Rhoades contends that he did not directly harm the subjects of the child pornography.

■ Rhoades's claim that the multiple-victim exception contains a direct-harm component is not compelled by the caselaw on which he relies. Indeed, the applicability of the multiple-victim exception does not turn on the existence of direct harm to the victims in any of the cases cited. *See State v. Oates*, 611 N.W.2d 580, 587 (Minn. App.2000) (affirming separate sentences for multiple assaults on multiple victims because the defendant fired "several shots in a crowded bar, with intent to kill one individual but heedless of the mortal risk posed to countless others"), *review denied* (Minn. Aug. 22, 2000); *see also State v. Wipper*, 512 N.W.2d 92, 95 (Minn.1994) (affirming arson and murder convictions but vacating arson sentence because arson did not involve multiple victims). Accordingly, we conclude that Rhoades's conduct involved multiple victims as contemplated by the multiple-victim exception.[5]

■ We next consider whether the district court's decision to impose a separate, consecutive sentence for each count involving a different minor unfairly exaggerates the criminality of his conduct. "Consecutive sentencing of multiple felonies with multiple victims is permissive and within the broad discretion of the [district] court." *State v. Richardson*, 670 N.W.2d 267, 284 (Minn.2003); *see also* Minn. Sent. Guidelines II.F.2 (providing that "[m]ultiple current felony convictions for crimes against persons may be sentenced consecutively to each other"). A district court's decision regarding permissive, consecutive sentencing will not be disturbed unless the resulting sentence unfairly exaggerates the criminality of the defendant's conduct.

---

5. In a recent opinion, this court concluded that the multiple-victim exception to Minn. Stat. § 609.035 applies to possession of multiple computerized images of child pornography. *State v. Bertsch*, 689 N.W.2d 276, 294, 2004 WL 2711345, No. A04-177(Minn.App.2004). The reasoning of *Bertsch* applies with equal force here.

*State v. Hough,* 585 N.W.2d 393, 397 (Minn.1998).

A reviewing court determines whether consecutive sentencing unfairly exaggerates the criminality of the conduct by examining sentences in similar cases. *State v. Lee,* 491 N.W.2d 895, 902 (Minn. 1992); *see also* Minn.Stat. 244.11, subd. 2(b) (2002) (authorizing an appellate court to "review the sentence imposed . . . to determine whether the sentence is . . . unreasonable, . . . excessive, [or] unjustifiably disparate"). An appellate court may modify a sentence in the interests of fairness and uniformity. *See State v. Norris,* 428 N.W.2d 61, 70–71 (Minn.1988) (reducing sentence as unfair); *State v. Vazquez,* 330 N.W.2d 110, 112 (Minn.1983) (upholding sentence as uniform with other similarly situated offenders). We base our decision on our collective, collegial experience in reviewing a large number of criminal appeals. *State v. Miller,* 488 N.W.2d 235, 241 (Minn.1992).

On the first count of possession of child pornography, Rhoades's criminal-history score of four was properly calculated based on his two prior convictions of second-degree criminal sexual conduct involving a minor. On the subsequent counts, Rhoades's criminal-history score reverted to zero, as required by the sentencing guidelines. *See* Minn. Sent. Guidelines II.F ("For each offense sentenced consecutive to another offense(s), . . . a zero criminal history score . . . shall be used. . . ."). Further, Rhoades committed the offenses while on probation and accessed the pornographic images from the Internet, thereby violating conditions of his probation. Based on the facts established here, we conclude that imposition of consecutive sentences totaling 84 months' imprisonment does not unfairly exaggerate the criminality of Rhoades's conduct.

Because the state concedes that one of the images for which Rhoades received a consecutive sentence may involve a minor depicted in another image for which a sentence was imposed, the second sentence possibly relating to the same minor must be reversed. Accordingly, we affirm the district court's application of the multiple-victim exception and its imposition of consecutive sentences for five counts of conviction. We reverse the sentence imposed for one count and remand to the district court with instructions to vacate one of the consecutive sentences of one year and one day.

## DECISION

Application of the multiple-victim exception was not erroneous, and imposition of consecutive sentences did not unfairly exaggerate the criminality of the conduct. Therefore, the district court did not err in imposing consecutive sentences for each count of possession of child pornography containing the image of a different victim. Imposition of separate sentences for possessing two pornographic images of the same minor was error.

**Affirmed in part, reversed in part, and remanded.**