*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0465**

Tommie Relando Norwood, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 24, 2014
Affirmed
Ross, Judge**

Hennepin County District Court
File No.: 27-CR-11-32701

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Halbrooks, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Tommie Norwood and three other men broke into a home and held multiple residents at gunpoint. Norwood pleaded guilty to two counts of aggravated robbery under

a plea agreement in which Norwood stipulated that he would be sentenced to serve consecutive prison terms totaling 108 months in exchange for the state's dropping the remaining two charges of kidnapping and first-degree burglary. The district court sentenced Norwood to consecutive 67- and 41-month prison terms and then rejected Norwood's contention that the sentence is unlawful. Because the statutory prohibition against imposing multiple sentences for single behavioral incidents excepts crimes that involve multiple victims and because Norwood's resulting sentence is fair, the district court's consecutive sentencing does not violate the statute, and we affirm.

## FACTS

On an October 2011 evening, Tommie Norwood drove himself and three friends to a Brooklyn Center house. The four men, masked and armed with handguns, forced their way inside and began beating the three residents and demanding that they reveal the location of money and marijuana. The victim residents at first included two men and a woman, but a second woman arrived home and was met at the door by one of the masked men pointing a gun at her. During the attack, one of the residents secretly sent a text message to his girlfriend announcing the ongoing crime, and she called the police. Police soon arrived and the attackers attempted to flee. After about two hours, police found Norwood trying to crawl out of the garage.

The state charged Norwood with one count of kidnapping, two counts of first-degree aggravated robbery, and one count of first-degree burglary. Each of the two counts of aggravated robbery related to a different victim. Norwood pleaded guilty to the two counts of aggravated robbery under a plea agreement in which he agreed to be

sentenced to consecutive imprisonment terms of 67 and 41 months and the state agreed to drop the remaining charges.

During the plea hearing, Norwood acknowledged that he and his acquaintances robbed at least two people at gunpoint and that he was "pleading guilty to 108 months for two counts of aggravated robbery." The district court sentenced Norwood to consecutive terms of 67 and 41 months in prison, achieving the 108-month total incarceration period contemplated in the plea agreement. It then dismissed the remaining charges.

Five months later, Norwood moved the district court to correct the allegedly unlawful, consecutive nature of his sentence to effectively reduce his incarceration period by 41 months. The district court denied the motion, relying on the multiple-victim exception to the statutory prohibition against multiple sentences for single behavioral incidents. Norwood appeals the district court's order denying his motion for a corrected sentence.

## D E C I S I O N

Norwood contends that we must correct his sentence because consecutive sentencing in this case is not authorized by law. We will not reverse a district court's denial of a motion for a corrected sentence unless the court abused its discretion or erred as a matter of law. *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011), *review denied* (Minn. Apr. 27, 2011).

Norwood maintains that the district court erred as a matter of law by imposing a sentence with consecutive prison terms. Norwood is correct that the district court generally may not impose multiple sentences for offenses committed in a single

3

behavioral incident. *See* Minn. Stat. § 609.035 (2012); *State v. Skipintheday*, 717 N.W.2d 423, 426 (Minn. 2006). But the supreme court has read this statutory prohibition to incorporate a multiple-victim exception. *State ex rel. Stangvik v. Tahash*, 281 Minn. 353, 359–60, 161 N.W.2d 667, 672 (1968). Specifically, the *Tahash* court held that "multiple crimes against multiple victims permit the imposition of more than one sentence." *Id.* Although Norwood's two aggravated-robbery crimes were ostensibly part of a single behavioral incident, they included two victims, and Norwood is therefore "equally culpable to each victim" despite the limiting language of section 609.035. *See State v. Edwards*, 774 N.W.2d 596, 605 (Minn. 2009).

Because the multiple-victim exception applies and each of Norwood's crimes can be sentenced separately, the consecutive sentences are lawful. Norwood accepted these sentences in his negotiated plea agreement. Standing alone, this cannot create substantial and compelling circumstances for a sentencing departure. *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2002). But the district court did not depart; the two aggravated-robbery convictions permit consecutive sentencing. *See* Minn. Sent. Guidelines 2.F.2.b (2011) (stating that consecutive sentences are permissive for "[m]ultiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences found in Section 6"); *see also* Minn. Sent. Guidelines 6 (2011) (listing first-degree aggravated robbery as eligible for permissive consecutive sentencing).

Norwood argues that the multiple-victim exception should not apply because the consecutive sentencing unfairly exaggerates the criminality of his conduct. Norwood accurately recognizes that the multiple-victim exception applies only if the resulting

4

sentence does not exaggerate the defendant's criminal conduct. *State v. Marquardt*, 294 N.W.2d 849, 851 (Minn. 1980). But his argument is not convincing. We first observe that he expressly agreed to the 108-month prison sentence as part of an agreement that, presumably, benefited him. And as he pleaded guilty, he answered "Yes" when his attorney asked, "And you understand that you are pleading guilty to 108 months for two counts of aggravated robbery?" Norwood's unfair-sentence argument ignores the fact that he realized the bargained-for benefit of multiple dismissed charges in an agreement in which he stipulated to serve the sentence he now challenges.

We observe too that Norwood's accomplices were also sentenced to serve 108 months in prison. Norwood suggests that it is unfair that they were sentenced to 108-month terms after pleading guilty to only one crime while he received the same sentence after pleading guilty to two crimes. But we see no merit in this; our focus is on the overall sentence the robbers received in relation to the criminality of their conduct, not on the number of their convictions. Sentencing Norwood to serve the same prison term as his fellow robbers is a mark of uniformity and fairness, not unfairness. We hold that the district court's consecutive sentencing totaling 108 months does not unfairly exaggerate the criminality of Norwood's conduct.

Because the multiple-victim exception applies and each of Norwood's crimes can be sentenced separately, the consecutive prison terms are authorized by law. Because Norwood's sentence is lawful, the district court did not abuse its discretion by denying Norwood's motion to correct his sentence.

**Affirmed.**