*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2062**

Eduardo Cortez, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed August 24, 2015
Affirmed
Worke, Judge**

Polk County District Court
File No. 60-CR-11-1305

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Gregory Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota (for respondent)

        Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's denial of his petition to correct his sentence imposed on 12 counts of possession of child pornography, arguing that he should have received one sentence for a single behavioral incident and that his sentence exaggerates the criminality of his conduct. We affirm.

## FACTS

On October 23, 2010, an Internet Crimes Against Children software program initiated by the Bureau of Criminal Apprehension established a connection with an IP address for a computer that was making child-pornography files available. A history report showed that the IP address identified as a download candidate for suspected child-pornography files on eight prior occasions in 2010. The computer with the IP address was connected to appellant Eduardo Cortez, Jr.

On December 23, 2010, agents executed a search warrant at Cortez's address. Cortez was interviewed and admitted to searching for and downloading child pornography. The children in the videos were between two and five years old. Cortez admitted to knowingly downloading and possessing child pornography, masturbating to images of pre-teen and prepubescent girls, and having thoughts about having sex with pre-teen girls. Files on Cortez's computer and CDs and DVDs in his possession were examined. Date- and time-creation information was identified for 12 videos. From those videos, ten victims were identified.

Cortez was charged with 12 counts of possession of pornographic work involving a minor. The complaint stated that 31 videos and 60 images of suspected child pornography were discovered, and included nine different offense dates. The complaint included a detailed description of 12 videos, including: the file name, the dates and times the files were created or downloaded, the video length, the approximate age of the child, and a description of the particular acts forced on the child.

On October 26, 2011, the prosecutor offered Cortez two plea options. Under option one, Cortez would plead guilty to the 12 counts and receive a 120-month prison sentence, a permissible sentence under the guidelines. Under option two, Cortez would plead guilty to the 12 counts without an agreement regarding sentencing. The prosecutor had given notice of intent to seek an aggravated departure, a 240-month sentence. The prosecutor also agreed not to charge a "multitude of additional counts" based on the child pornography Cortez possessed.

On December 5, 2011, Cortez chose the first option and pleaded guilty. Cortez agreed that the plea agreement was in his best interests, acknowledging that he would receive the sentencing benefit and the benefit of the prosecutor agreeing not to charge other crimes. Cortez agreed that the facts in the complaint were "fair and accurate," and acknowledged that the 12 videos summarized in the complaint involved "sexual assaults or rapes" of children between two and five years old. He agreed that he had intentionally downloaded 31 videos and 60 images of child pornography, and had done so on "different dates [and at] different times," as summarized in the complaint. Cortez admitted that he intentionally searched for these videos, collected them, and stored them

on his computer or copied them to CDs.  On February 15, 2012, the district court

sentenced Cortez according to the plea agreement:

| Count | Sentence (Months) | Disposition |
| --- | --- | --- |
| 1 | 15 | Requested execution[1] |
| 2 | 20 concurrent with above | Requested execution |
| 3 | 25 concurrent with above | Requested execution |
| 4 | 30 concurrent with above | Requested execution |
| 5 | 39 concurrent with above | Commit |
| 6 | 51 concurrent with above | Commit |
| 7 | 60 concurrent with above | Commit |
| 8 | 15 consecutive to above | Commit |
| 9 | 15 consecutive to above | Commit |
| 10 | 15 consecutive to above | Commit |
| 11 | 15 consecutive to above | Commit |
| 12 | 60 concurrent with 1-7 | Commit |

The district court noted that each offense allowed for permissive consecutive

sentencing.  *See* Minn. Sent. Guidelines II.F.2 (2010).  The court also stated that the 120-

month sentence was appropriate because of the extremely young ages of the victims, as

---

[1] The district court noted that, although the sentences on counts one through four had presumptively stayed sentences, pursuant to the plea agreement, Cortez requested execution of those sentences, which was not technically a dispositional departure.

well as the "deplorable, inhumane, malicious, and violent acts inflicted upon [them]." Finally, the district court stated that an additional benefit of Cortez's plea agreement was that there would not likely be a federal prosecution. Cortez acknowledged that if the plea agreement were set aside, the prosecutor could forward the matter to federal authorities.

On February 14, 2014, Cortez moved to correct his sentence, claiming that his sentence was illegal because he engaged in one behavioral incident and should have received a stayed sentence. The district court denied Cortez's motion, concluding that the 12 downloads were separate incidents. The district court also concluded that even if the offenses arose from a single behavioral incident, the sentence was appropriate because there were 12 victims. Finally, the district court concluded that Cortez's sentence did not unfairly exaggerate the criminality of his conduct. This appeal follows.

## D E C I S I O N

This court issued an order construing Cortez's appeal as a postconviction appeal. This court reviews a district court's ruling on a motion to correct a sentence under the same standard used for review of a ruling on a postconviction petition, an abuse-of-discretion standard with de novo review of questions of law. *Rainer v. State*, 566 N.W.2d 692, 695 (Minn. 1997) (postconviction petition); *State v. Stutelberg*, 435 N.W.2d 632, 633-34 (Minn. App. 1989) (motion to correct sentence). An appellate court will "afford great deference to a district court's findings of fact and will not reverse" a decision on postconviction relief absent clearly erroneous findings or an abuse of discretion. *Dukes v. State*, 621 N.W.2d 246, 251 (Minn. 2001).

5

*Separate behavioral incidents*

Cortez argues that his multiple offenses[2] arose from a single course of conduct because he "possessed pornographic works, without interruption, with the sole objective of personal use, which were discovered on his computer at the same time."

"[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Minn. Stat. § 609.035, subd. 1 (2010). With a few exceptions, section 609.035 has been interpreted to bar multiple sentences for crimes that arise from a single behavioral incident. *State v. Bookwalter*, 541 N.W.2d 290, 293 (Minn. 1995). "Whether the violations result from a single behavioral incident depends upon the facts and circumstances of each case." *State v. Reiland*, 274 Minn. 121, 123, 142 N.W.2d 635, 637 (1966). In determining whether criminal acts are separate events or a single behavioral incident, a court will consider whether the conduct was motivated by an effort to obtain a singular criminal objective. *Bookwalter*, 541 N.W.2d at 295. A court will also consider unity of time and place to determine whether multiple acts constitute a single behavioral incident. *State v. Marchbanks*, 632 N.W.2d 725, 731 (Minn. App. 2001).

Cortez relies on *State v. Bertsch*, in asserting that possession of child pornography is appropriately compared to drug-possession cases. 707 N.W.2d 660, 665 (Minn. 2006). In *Bertsch*, the defendant pleaded guilty to one count of dissemination of child pornography and 19 counts of possession of child pornography. *Id.* at 663. The district court imposed a 48-month sentence for the dissemination offense and consecutive

---

[2] Cortez concedes that each video depicted a different victim.

6

sentences for two possession charges. *Id.* Bertsch argued on appeal that his sentences for the possession offenses must be vacated as included offenses of the dissemination offense. *Id.* at 664. The supreme court agreed, concluding that the offenses were part of the same course of conduct. *Id.* at 665. In reaching this conclusion, the supreme court compared Bertsch's offenses to a drug case in which offenses of sale, possession with intent to sell, and possession were concluded to be part of the same course of conduct. *Id.*; *see State v. Kemp*, 305 N.W.2d 322 (Minn. 1981). But when the supreme court stated that this was a "comparison we find persuasive," it was analyzing whether multiple sentences could be imposed for offenses that were lesser-included offenses. *Id.* at 665-66.

The supreme court also determined that the sentences were not permissible because Bertsch pleaded guilty to the original complaint that indicated that the offenses occurred on the same date. *Id.* 664-65. Thus, the supreme court held that Bertsch's conduct was a single behavioral incident because the possession offenses were included in the dissemination offense and the offenses occurred on the same date. *Id.* at 665-66.

The comparison in *Bertsch* was whether possession of child pornography should be considered a lesser offense of dissemination, like possession of cocaine was considered a lesser offense of sale. *Id.* at 665. It was not a general comparison of child-pornography possession to drug possession, as Cortez asserts. Moreover, the court in *Bertsch* did not reach the issue here. *See id.* at 666, n.5 (stating that the court did not reach the issue of whether "multiple sentences for multiple convictions of possession of child pornography are permissible").

7

For several other reasons we are not persuaded by Cortez's argument that child-pornography possession and drug possession are suitable comparisons leading to the conclusion that multiple counts of possession of child pornography should be treated as a single course of conduct. First, there is no comparison to the victims in a child-pornography case to a drug-possession case. Second, there is often no evidence in a drug-possession case as to when the drugs were acquired. Finally, in a drug-possession case, the charges and sentences are based on the quantity of drugs. *See, e.g.*, Minn. Stat. §§ 152.021, subd. 2(a)(1) (2014) (stating that a person is guilty of first-degree controlled-substance possession if he unlawfully possesses a total weight of 25 grams or more); subd. 3(a) (2014) (stating that a person convicted of first-degree controlled-substance possession may be sentenced to imprisonment for not more than 30 years); .022, subd. 2(a)(1) (2014) (stating that a person is guilty of second-degree controlled-substance possession if he unlawfully possesses a total weight of six grams or more); subd. 3(a) (2014) (stating that a person convicted of second-degree controlled-substance possession may be sentenced to imprisonment for not more than 25 years). The possession-of-child-pornography statute criminalizes possession of a single pornographic work involving a minor. *See* Minn. Stat. § 617.247, subd. 4(a) (2014) (stating that a person who possesses "a pornographic work" is guilty of a felony and may be sentenced to imprisonment for not more than five years for a first offense and not more than ten years for a subsequent offense).

Cortez also claims that his conduct should be treated as a single incident because he had a single criminal objective—to collect pornography for his personal use. Cortez's

8

goal of "personal sexual gratification" is similar to "motivation by . . . perverse sexual desires," which this court has held is too broad of an objective to be inclusive of multiple instances of sexual contact with a juvenile. *State v. Secrest*, 437 N.W.2d 683, 685 (Minn. App. 1989), *review denied* (Minn. May 24, 1989). *Secrest* relied in part on *State v. Eaton,* in which the supreme court determined that the defendant's objective of swindling as much money as possible was too broad to be a single criminal goal when the defendant planned and executed the thefts of different checks at separate times. 292 N.W.2d 260, 267 (Minn. 1980). Similarly, Cortez's criminal goal of collecting pornography was too broad to be a single criminal goal when he searched for and downloaded multiple images and videos on different dates and at different times.

Cortez admitted to the facts in the complaint that set out multiple dates and times when he downloaded the pornographic images. He never denied that his conduct continued over the course of years (2006-2010) and that the files were downloaded on different dates and different times. *See State v. Cannady*, No. A05-811, 2006 WL 997782, at *5 (Minn. App. Apr. 18, 2006) ("It was permissible and necessary for the district court to go beyond the 'on or about' time of the offense stated in the verdict and look at the specific dates and times of file creation and last access for purposes of determining how many sentences could be imposed."), *aff'd in part, rev'd in part on other grounds*, 727 N.W.2d 403 (Minn. 2007).

The record contains exact times of when the videos were downloaded, none of which share the same time. Although several counts occur on the same day, the district court determined that the amount of time between possessions was "substantially

9

separate" as Cortez admitted to intentionally downloading the videos separately. *Cf. State v. Lovejoy*, No. A12-1711, 2013 WL 3779192, at *1, *3 (Minn. App. July 22, 2013) (remanding to the district court to determine whether the offenses arose from a single course of conduct when the record was undeveloped regarding the circumstances surrounding the downloading of 11 pictures depicting children engaged in sexual conduct on the same date, but at different times). Because the dates and times that Cortez downloaded are unambiguous and distinct, it supports the conclusion that the offenses are separate incidents. Based on the record before us, the district court did not err in concluding that the 12 downloads were separate behavioral incidents.

*Exaggerate criminality of conduct*

Cortez argues that even if the multiple sentences were permissible, the sentence exaggerated the criminality of his conduct. We will not disturb a district court's broad discretion regarding permissive consecutive sentencing "unless the resulting sentence unfairly exaggerates the criminality of the defendant's conduct." *State v. Rhoades*, 690 N.W.2d 135, 139 (Minn. App. 2004). An appellate court determines whether consecutive sentencing unfairly exaggerates the criminality of the conduct by examining sentences in similar cases. *State v. Lee*, 491 N.W.2d 895, 902 (Minn. 1992).

While Cortez compares his sentence to others sentenced for similar offenses, he entirely ignores the plea agreement. Cortez negotiated the permissible 120-month sentence because it "benefitted" him. In *Rhoades*, the defendant pleaded guilty to six counts of possession of child pornography and agreed to separate sentences on each count, to be served consecutively. 690 N.W.2d at 137. Rhoades appealed his sentence,

but this court rejected his argument that his sentence unfairly exaggerated the criminality of his conduct. *Id.* at 139-40.

But while Cortez's acceptance of the plea offer supports a conclusion that his sentence does not exaggerate the criminality of his conduct, it does not provide the sole basis for affirming his sentence because it was Cortez's right to appeal his sentence. *See Ballweber v. State*, 457 N.W.2d 215, 217 (Minn. App. 1990) ("Minnesota law gives a criminal defendant an unconditional right to appeal from any sentence imposed or stayed."); *see also* Minn. Stat. § 244.11, subd. 1 (2014) (stating that the defendant or state may appeal from any sentence imposed or stayed by the district court).

Cortez claims that in other child-pornography-possession cases defendants received significantly shorter sentences than his. Cortez argues that his sentence is nearly twice as long as the sentence imposed in *Rhoades*. Rhoades pleaded guilty to six counts of possession of child pornography and was sentenced to 84 months in prison. *Rhoades*, 690 N.W.2d at 137. This court concluded that the sentence did not unfairly exaggerate the criminality of Rhoades's conduct because he committed the offenses while on probation and accessed the pornographic images from the Internet, thereby violating conditions of his probation. *Id.* at 140.

Cortez pleaded guilty to 12 counts, twice as many as Rhoades. Additionally, in *Rhoades*, the state agreed that the offenses were part of a single behavioral incident. *Id.* at 138. Here, based on our analysis, Cortez committed separate criminal acts. The court in *Rhoades* imposed a sentence on each offense; however, because the complaint made clear that there were at least five different victims. *Id.* Here, the district court found that

11

there were 12 victims, seven more than in *Rhoades*. Thus, comparing Cortez's case to *Rhoades* supports a conclusion that Cortez's sentence does not exaggerate the criminality of his conduct because Rhoades pleaded guilty to six counts and Cortez pleaded guilty to 12 counts, and Rhoades had five victims and Cortez had 12 victims.

Cortez compares his case to *State v. McCauley*, in which a jury found the defendant guilty of two dissemination counts and 22 possession counts, and the district court imposed sentences of 102 months for each dissemination conviction and 60 months for each possession conviction, all served concurrently. 820 N.W.2d 577, 583 (Minn. App. 2012), *review denied* (Minn. Oct. 24, 2012). But in *McCauley*, the district court did not treat the possession convictions as separate behavioral incidents. *Id.* at 591. There was evidence of different file names for each video, but there was no evidence that the defendant downloaded the files on different dates. *Id.* at 590. Because the district court did not treat the possession offenses as separate incidents, it is not surprising that McCauley's sentence is shorter than the sentence Cortez received.

In comparing Cortez's sentence to sentences imposed for similar offenses, we are not persuaded that a comparison leads to the conclusion that Cortez's sentence should be reduced. First, sentences imposed in earlier cases did not establish a sentencing ceiling; if the facts support it, as they do here, there is nothing preventing the district court from imposing a higher sentence. Additionally, several of the other cases Cortez cites for comparison similarly include plea agreements. *See Bertsch*, 707 N.W.2d at 663 (defendant pleaded guilty to one count of dissemination of child pornography and 19 counts of possession of child pornography); *Rhoades*, 690 N.W.2d at 137 (defendant

pleaded guilty to six counts of possession of child pornography and agreed to a particular sentence); *Lovejoy*, 2013 WL 3779192, at *1 (defendant entered *Alford* plea to five counts of possession of pornographic work involving a minor in exchange for dismissal of six additional counts). The defendants in those cases, like Cortez, pleaded guilty in exchange for some benefit. Cortez acknowledged the benefits he received in exchange for pleading guilty and agreeing to a particular sentence—the prosecutor's agreement to not file additional charges, the prosecutor's agreement to not forward the case for federal prosecution, and the prosecutor's agreement to not seek an aggravated sentence. Comparing Cortez's sentence to sentences imposed in similar cases supports a conclusion that his sentence does not exaggerate the criminality of his conduct.

**Affirmed.**