*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0199**

State of Minnesota,
Respondent,

vs.

Gregory Steven Proell, Jr.,
Appellant.

**Filed January 2, 2024**
**Affirmed**
**Gaïtas, Judge**

Anoka County District Court
File No. 02-CR-21-5517

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Smith, Tracy M., Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**GAÏTAS**, Judge

Appellant Gregory Steven Proell Jr. challenges the district court's imposition of four consecutive sentences following his guilty pleas to four counts of possession of child pornography. He argues that the district court erred by imposing multiple sentences

because his possession of the pornographic images involved a single behavioral incident. Alternatively, he contends that consecutive sentences unfairly exaggerate the criminality of his conduct. Because consecutive sentences are lawful under the multiple-victim rule even for offenses occurring during a single behavioral incident, and because the sentences do not unfairly exaggerate Proell's criminality, we affirm.

**FACTS**

Police discovered multiple images of suspected child pornography on Proell's phone. During a subsequent investigation, the National Center for Missing and Exploited Children confirmed that six of the images came from "four known [child pornography] image series" and "contained prepubescent girls, meaning under the age of 13." The organization also verified that the six images depicted four different girls, two of whom appeared in two separate images. Following the investigation, respondent State of Minnesota charged Proell with ten counts of possession of pornographic work involving minors, including four counts of possessing images of children under the age of 13.[1]

Proell and the state entered into a plea agreement. The agreement required Proell to plead guilty to the four charges involving the images of children under the age of 13, and, in exchange, the state would dismiss the remaining child pornography charges and a felony charge in another matter. Under the terms of the agreement, Proell would be

---

[1] *See* Minn. Stat. § 617.247, subd. 4(a) (prohibiting possession of pornographic work involving minors), (b)(3) (prohibiting possession of pornographic work involving minors under age 13) (2020).

sentenced to 100 months in prison on one count and consecutive 18-month sentences on the three remaining counts.[2]

During the guilty-plea hearing, Proell admitted to the following facts: the police seized his cellphone, which contained images that qualified as child pornography; he was aware the images were on his phone; he knew the images were from four different child pornography image series; when he downloaded the images, he knew they were child pornography; the images were of "real children under the age of 13"; and the children in all six images "were depicted showing their bare genitals or engaged in sexually explicit positions." Proell also acknowledged that he came into possession of the images by taking an individual "screenshot" of each image on a social media application.

Before sentencing, the district court expressed concern that separate sentences, as required under the plea agreement, could violate Minnesota law. Based on this concern, the district court asked the parties to brief the issue of whether Proell's possession of the four images stemmed from four separate courses of conduct or from a single behavioral incident. At the sentencing hearing, the district court stated that it was "comfortable going forward with the plea agreement" because Proell's possession of the images "required

---

[2] Under the terms of the plea agreement, Proell's criminal-history score of six would be used to calculate the presumptive sentence for the first conviction, and, in accordance with the sentencing guidelines, a criminal-history score of zero would be used to calculate the presumptive sentences for the remaining three consecutive sentences. *See* Minn. Sent'g Guidelines 2.F.2.b ("For each felony offense sentenced consecutively to another felony offense(s), the court must use a Criminal History Score of 0, or the mandatory minimum for the offense, whichever is longer, to determine the presumptive duration.") & cmt. 2.F.202 ("The purpose of this procedure is to count an offender's criminal history score only one time in the computation of consecutive sentence durations.") (2020).

[Proell] to take four separate screenshots and save four separate images of each victim to his phone." The district court found that Proell's conduct constituted "four distinct and separate actions [showing] intent to possess four different images of known child pornography." Given these findings, the district court concluded that multiple sentences were lawful. Additionally, the district court noted that the existence of multiple victims provided an alternative rationale for the multiple sentences required by the plea agreement. The district court sentenced Proell to the agreed-upon sentences of 100 months in prison followed by three consecutive 18-month prison terms.

Proell appeals.

## DECISION

Proell challenges the district court's imposition of multiple sentences on two grounds. First, he argues that his sentences violate Minnesota Statutes section 609.035, subdivision 1 (2020), which bars the imposition of multiple sentences when more than one conviction stems from a single course of conduct. Second, and alternatively, he contends that his sentences unfairly exaggerate the criminality of his conduct.

An appellate court affords the sentencing court wide discretion and will reverse a sentence "only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quoting *State v. Spain*, 590 N.W.2d 85, 88 (Minn. 1999)). The district court abuses its discretion when a sentence is "based on an erroneous view of the law or is against logic and the facts in the record." *State v. Hallmark*, 927 N.W.2d 281, 291 (Minn. 2019) (quotation omitted). However, whether offenses were part of a single behavioral incident for the purpose of sentencing presents a mixed question of law and

4

fact; the appellate court reviews the district court's factual findings for clear error and the application of the law to the facts de novo. *State v. Bakken*, 883 N.W.2d 264, 270 (Minn. 2016); *see also State v. O'Meara*, 755 N.W.2d 29, 37 (Minn. App. 2008) (stating that a district court's decision as to whether multiple offenses were committed as part of a single behavioral incident for the purpose of section 609.035 entails factual determinations that will not be reversed unless clearly erroneous).

We first consider Proell's argument that the district court's imposition of multiple sentences violated Minnesota law because he possessed the four images of child pornography during a single behavioral incident. Section 609.035, subdivision 1, provides that "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Under this statutory provision, multiple sentences—even concurrent sentences—are unlawful if imposed "for two or more offenses that were committed as part of a single behavioral incident." *Bakken*, 883 N.W.2d at 270 (quotation omitted). This principle protects a defendant from "unfair exaggeration of the criminality of his conduct." *State v. Johnson*, 653 N.W.2d 646, 651 (Minn. App. 2002).

However, section 609.035 does not apply when a defendant commits multiple acts against multiple victims. *Munt v. State*, 920 N.W.2d 410, 416-17 (Minn. 2018). The Minnesota Supreme Court has stated that "acts committed against separate victims are not 'conduct' for purposes of section 609.035 because the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." *Id.* at 417. Thus, in cases

5

involving multiple victims—even when the defendant's conduct constituted a single behavioral incident—"the [district] court may impose one sentence per victim . . . so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct." *State v. Montalvo*, 324 N.W.2d 650, 652 (Minn. 1982); *see also Munt*, 920 N.W.2d at 419 (concluding that the "multiple-victim rule" was "within the judicial branch's authority and does not violate separation-of-powers principles").

We have previously applied the multiple-victim rule to affirm multiple sentences imposed for multiple child pornography convictions involving a single behavioral incident. In *State v. Rhoades*, we stated that a defendant "convicted of multiple counts of possession of child pornography as part of a single behavioral incident that involves images of multiple victims may be sentenced consecutively on each count under the multiple-victim [rule]." 690 N.W.2d 135, 136 (Minn. App. 2004).

Here, the record supports the district court's finding that each of the four images that Proell possessed depicted a different victim. And we note that Proell does not argue on appeal that the multiple-victim rule does not apply under the circumstances of his case. Because the multiple-victim rule applies, the district court's imposition of multiple sentences was lawful even if Proell's conduct involved a single behavioral incident. *See Montalvo*, 324 N.W.2d at 652. Thus, section 609.035 is not implicated here.

Proell next contends that, even if the district court had authority to impose multiple sentences, its decision to do so was an abuse of discretion because a 154-month prison sentence for possessing four child-pornography images unfairly exaggerates the criminality of his conduct.

6

"Consecutive sentencing of multiple felonies with multiple victims is permissive and within the broad discretion of the [district] court." *State v. Richardson*, 670 N.W.2d 267, 284 (Minn. 2003). But a district court abuses its discretion when its imposition of consecutive sentences unfairly exaggerates the criminality of a defendant's conduct. *See Rhoades*, 690 N.W.2d at 137-38; *State v. Cruz-Ramirez*, 771 N.W.2d 497, 512 (Minn. 2009) (noting that, appellate courts review the imposition of multiple and consecutive sentences when multiple victims are involved under the abuse-of-discretion standard, and multiple sentences will be upheld so long as they do not unfairly exaggerate the criminality of the conduct); *State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014) ("[Appellate courts] will not interfere with a district court's discretion in sentencing unless the sentence is disproportionate to the offense or unfairly exaggerates the criminality of the defendant's conduct.").

In sentencing Proell, the district court specifically considered whether multiple consecutive sentences would unfairly exaggerate the criminality of Proell's conduct. The district court concluded that the agreed-upon consecutive sentences were not unfair. It noted that Proell was originally charged with ten counts of possessing child pornography and he received a substantial benefit under the terms of the plea agreement, which required the state to dismiss six counts. The district court also referenced Proell's criminal history, which was lengthy and included a prior criminal sexual conduct offense involving a minor.

To address whether a sentence unfairly exaggerates the criminality of a defendant's conduct, an appellate court examines sentences in similar cases. *State v. Lee*, 491 N.W.2d 895, 902 (Minn. 1992). Proell does not cite any factually similar cases to support his

argument that consecutive sentences unfairly exaggerate the criminality of his conduct. But the state directs us to our decision in *Rhoades*, which we again find instructive. There, the defendant was charged with ten counts of possession of child pornography and pleaded guilty to six charges in exchange for receiving "a separate sentence on each count, to be served consecutively." *Rhoades*, 690 N.W.2d at 137. Relying on the defendant's criminal-history score of four, the district court adopted the plea agreement and sentenced the defendant to 24 months for the first count and consecutive sentences of one-year-and-one-day for the remaining five counts for a total of 84 months' imprisonment. *Id.* We determined in *Rhoades* that the consecutive sentences did not unfairly exaggerate the criminality of the defendant's conduct. *Id.* at 140.

The total duration of Proell's sentences is slightly longer than the total duration of the sentences in *Rhoades*. However, this difference is not material given the specific circumstances in Proell's case. Because Proell's victims were under 13 years old, his convictions were for more serious offenses than those in *Rhoades*.[3] And Proell had a higher criminal-history score than the defendant in *Rhoades*. Accounting for these distinctions, Proell's sentences are comparable to the sentences in *Rhoades*, which we determined did not exaggerate the criminality of the defendant's conduct. Thus, we reject Proell's argument that his consecutive sentences must be reversed because they unfairly exaggerate the criminality of his conduct.

**Affirmed.**

---

[3] The appellant in *Rhoades* was convicted of possessing images involving minors, but not images of minors under 13 years of age. *Rhoades*, 690 N.W.2d at 137.