GILDEA, Chief Justice.
*413 In this case we are asked to determine whether the district court erred when the court denied appellant Joel Marvin Munt's motion to correct his sentences under Minn. R. Crim. P. 27.03, subd. 9. In support of his motion, Munt relied on Minnesota Statutes §§ 611.02, 609.04, and 609.035 (2016). Because Munt's arguments regarding sections 611.02 and 609.04 are outside the scope of Rule 27.03, and his arguments regarding section 609.035 fail on their merits, we affirm.
FACTS
Munt challenges the sentences he received for murdering his ex-wife, Svetlana, and kidnapping their three children.[1] Munt committed the crimes while Svetlana, who had custody of the children, was waiting for a scheduled supervised visit between Munt and their children. Svetlana and the children were sitting in a Chevrolet Cavalier that was parked near the domestic-abuse shelter where the visit was to take place. When Munt arrived, he drove his Chevrolet Suburban into the driver's side of Svetlana's car, smashing it against a tree, and injuring all three children. Munt got out of his vehicle and shot Svetlana in the head four times with a pistol.
In the aftermath of the collision and shooting, several witnesses came to the scene to provide help. T.B., who was walking his dog nearby, arrived first after he heard the crash and gunshots. As T.B. approached the scene, Munt pointed his gun at T.B. and threatened to kill him. T.B. then fled and called 911 on his cell phone. Minutes later, M.D. and C.D. arrived at the scene in a Yukon Denali. The two approached the Cavalier, trying to help the children, when Munt walked up, pointed his gun at them, and threated to kill them if they did not leave the children alone. Munt then took the keys to M.D. and C.D.'s Denali, put the three children inside, and drove off. Shortly thereafter, a sheriff's deputy stopped Munt and arrested him.
Following an investigation, a grand jury indicted Munt on 17 counts. Six counts in the indictment related to the murder of Svetlana;[2] one count related to T.B.;[3] four *414 counts related to M.D. and C.D.;[4] and six counts related to the children.[5]
The jury found Munt guilty of all counts and the district court imposed sentences on 10 of the counts. For Svetlana's death, Munt was sentenced on Count 1, first-degree premeditated murder, to life in prison without the possibility of release. For threatening to kill T.B., Munt was sentenced on Count 9, second-degree assault, to a consecutive 36-month sentence. For stealing M.D. and C.D.'s car at gunpoint, Munt was sentenced on Counts 7 and 8, one count of first-degree aggravated robbery for M.D. and one for C.D., to two consecutive 57-month sentences. And for the crimes relating to his three children, Munt was given two sets of sentences: for injuring the children in the car crash, Munt was sentenced on Counts 15, 16, and 17, one count of criminal vehicular operation causing injury for each child, to three concurrent 365-day sentences; and for driving away with the children in the Denali, Munt was sentenced on Counts 12, 13, and 14, one count of kidnapping for each child, to three consecutive 36-month sentences.
After his trial, Munt filed a direct appeal, and we affirmed his convictions. See State v. Munt , 831 N.W.2d 569 (Minn. 2013). Two years later, Munt filed a petition for postconviction relief. The postconviction court denied his petition, and we affirmed. See Munt v. State , 880 N.W.2d 379 (Minn. 2016). On July 7, 2017, Munt filed the present motion to correct his sentences with the district court. The district court entered a one-sentence order denying Munt's motion without a hearing. State v. Munt , No. 07-CR-10-1430, Order at 1 (Blue Earth Cty. Dist. Ct. filed Jan. 9, 2018). This appeal follows.
ANALYSIS
This case comes to us after the district court denied Munt's motion to correct his sentences. Relying on Minnesota Statutes sections 611.02, 609.04 and 609.035, Munt argues that the district court committed reversible error. We review a district court's denial of a motion to correct a sentence for an abuse of discretion, Evans v. State , 880 N.W.2d 357, 359 (Minn. 2016). And, to the extent that Munt's claims involve the interpretation of the Minnesota Rules of Criminal Procedure or Minnesota Statutes, our review is de novo, Reynolds v. State , 888 N.W.2d 125, 129-30 (Minn. 2016).
I.
Munt argues that his sentences are illegal and has captioned his motion as one to correct those sentences. Minnesota Rule of Criminal Procedure 27.03, subdivision 9 authorizes a court "at any time [to] correct a sentence not authorized by law." A sentence is unauthorized if it is "contrary to law or applicable statutes." State v. Schnagl , 859 N.W.2d 297, 301 (Minn. 2015). But the language of Rule 27.03, subdivision 9, "is limited to sentences, and the court's authority under the rule is restricted to modifying a sentence." State v. Coles , 862 N.W.2d 477, 480 (Minn. 2015).
Rule 27 motions are not subject to the two-year procedural bar in *415 Minn. Stat. § 590.01, subd. 4 (2016). See Reynolds , 888 N.W.2d at 133 ("[W]e hold that applying the 2-year limitations period in Minn. Stat. § 590.01, subd. 4, to a Minn. R. Crim. P. 27.03, subd. 9 motion violates the separation of powers.").[6] But if the motion "implicates more than simply [the] sentence," the motion is properly treated as a petition for postconviction relief and the limitations period in the post-conviction statute applies. Coles , 862 N.W.2d at 482 ; see also Wayne v. State , 870 N.W.2d 389, 391-92 (Minn. 2015) (noting that an appellant cannot bring what is, in substance, a challenge to a conviction and use Rule 27.03, subdivision 9 to circumvent the procedural requirements of the postconviction statute). We therefore must first consider whether Munt's claims are within the scope of Rule 27.03.[7]
A.
We turn first to Munt's arguments regarding Minn. Stat. § 609.04 and Minn. Stat. § 611.02. Both of these statutes set forth requirements that relate to convictions. Under section 609.04, a defendant "may be convicted of either the crime charged or an included offense, but not both." (Emphasis added). Section 611.02 sets out the presumption of innocence and provides that "when an offense has been proved against the defendant, and there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, the defendant shall be convicted only of the lowest." (Emphasis added). Because these two statutes relate to convictions and not sentences, claims under these statutes are not properly brought under Rule 27.03, subdivision 9. See Coles , 862 N.W.2d at 482 (holding that claims that implicate more than a defendant's sentence do not fall within the scope of Rule 27.03, subdivision 9 ).[8]
Given that Munt's claimed violations of Minn. Stat. § 609.04 and Minn. Stat. § 611.02 cannot be asserted under *416 Rule 27.03, subdivision 9, these claims must be considered within the confines of the postconviction statute. See Coles , 862 N.W.2d at 480, 482. As such, these claims are subject to the limitations period in that statute. See Minn. Stat. § 590.01, subd. 4(a)(1)-(2) (requiring that claims for postconviction relief be filed within two years of when the conviction became final). The two-year limitations period expired well before Munt filed his motion, and he makes no argument that any of the exceptions in Minn. Stat. § 590.01, subd. 4 (b) apply. Because Munt's claims regarding sections 609.04 and 611.02 are time-barred, the district court did not err in denying relief to Munt on these claims.
B.
We turn next to Munt's arguments regarding Minn. Stat. § 609.035. Under that statute, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." By its plain terms, section 609.035 limits the imposition of punishment. See City of Bloomington v. Kossow , 269 Minn. 467, 131 N.W.2d 206, 208 (1964) (explaining that section 609.035"prohibit[s] the imposition of punishment for more than one offense" when "several offenses aris[e] out of the same conduct") (emphasis added). Because Munt's arguments regarding section 609.035 implicate only his sentences, these arguments are within the scope of Rule 27.03, subdivision 9. We therefore turn to the merits of these arguments.[9]
II.
Munt claims that he was sentenced in violation of Minn. Stat. § 609.035. That statute applies when "a person's conduct constitutes more than one offense." We have said that it is "no easy task" to formulate "a workable test for determining the scope of application of the protections contemplated by [ section 609.035 ]." State v. Johnson , 273 Minn. 394, 141 N.W.2d 517, 524 (1966). Relying on the 1963 legislative advisory committee comments to Minn. Stat. § 609.035, we determined that "conduct" refers to a "single behavioral incident."[10] 141 N.W.2d at 524. We then set out a test to determine when a person's actions constitute a single behavioral incident: "[A]part from the factors of time and place, the essential ingredient of any test is whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective." Id. at 525 (emphasis removed). Put differently, acts that lack a unity of time and place or are motivated by different criminal *417 objectives do not constitute a single behavioral incident, and therefore, are not "conduct," for purposes of section 609.035. State v. Bauer , 792 N.W.2d 825, 827-30 (Minn. 2011). Similarly, acts committed against separate victims are not "conduct" for purposes of section 609.035 because "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." Stangvik v. Tahash , 281 Minn. 353, 161 N.W.2d 667, 672 (1968) ; see also State v. Prudhomme , 303 Minn. 376, 228 N.W.2d 243, 245 (1975) (explaining that "a different application of [ section 609.035 ] is appropriate where there are multiple victims"); State v. Krampotich , 282 Minn. 182, 163 N.W.2d 772, 776 n.7 (1968) (explaining that section 609.035 does "not apply where the conduct constituted separate crimes intentionally committed against more than one individual").[11]
With our prior interpretation of the language of section 609.035 in mind, we consider Munt's specific arguments. Although the analysis in his pro se briefs is not entirely clear, we liberally construe it as asserting two arguments.[12] First, Munt argues that all of his conduct was motivated by a single criminal objective, and therefore section 609.035 requires vacation of all but one of his ten sentences. Second, he argues that the imposition of separate sentences for each victim of the robbery, criminal vehicular injury, and kidnapping offenses is unlawful because the multiple-victim "exception" to section 609.035 violates the separation of powers doctrine. We consider each of Munt's arguments in turn.
A.
Munt contends that all of his actions were motivated by a single criminal objective, and therefore Minn. Stat. § 609.035 requires that we vacate all but one of his ten sentences. As our precedent makes clear, the term "conduct" as used in section 609.035 refers to acts committed at substantially the same time and place that were motivated by a single criminal objective. Johnson , 141 N.W.2d at 522-25. We determine the scope of a criminal objective because "[b]road statements of criminal purpose do not unify separate acts into a single course of conduct." State v. Jones , 848 N.W.2d 528, 533 (Minn. 2014). And in identifying the criminal objectives of multiple crimes, we examine "the relationship of the crimes to each other." Bauer , 792 N.W.2d at 829.
Here, the ten crimes on which Munt was sentenced are the only crimes at issue. They are: first-degree premeditated murder for killing Svetlana (Count 1); second-degree assault for threatening to kill T.B. (Count 9); two counts, one for each victim, of first-degree aggravated robbery for stealing M.D. and C.D.'s car at gunpoint (Counts 7 and 8); three counts, one for each child, of criminal vehicular injury for *418 crashing his car into the vehicle where the children were waiting (Counts 15, 16, and 17); and three counts, one for each child, of kidnapping for driving away with the three children in the stolen car (Counts 12, 13, and 14). The behavior giving rise to these ten counts occurred within the same 30-minute period of time.
But looking to the criminal objectives of the murder, assault, robbery, criminal vehicular injury, and kidnapping offenses, it is clear that each was different. The purpose behind Munt driving his car into Svetlana's Cavalier was to incapacitate the Cavalier and injure its occupants. In shooting Svetlana in the head, Munt's purpose was to cause her death. In threatening to kill T.B., Munt's objective was to cause T.B. to flee the scene. In stealing M.D. and C.D.'s car at gunpoint, Munt's objective was to secure a getaway vehicle. And in driving away with his three children in the stolen vehicle, Munt's purpose was to move the children from one place to another. Because a single criminal objective did not motivate his actions, we hold that these crimes were not committed in a single behavioral incident. Accordingly, Munt's sentences do not violate Minn. Stat. § 609.035.
B.
We turn next to Munt's separation-of-powers argument. Munt contends that the imposition of separate sentences for each victim of the robbery, criminal vehicular injury, and kidnapping offenses is unlawful because the multiple-victim "exception" to section 609.035 violates the separate of powers doctrine.[13] According to Munt, our court "lacked the authority and directly violated Separation of Powers when it [chose] to add a multiple victim exception," because "determining the lawful penalties for the violation of [criminal] laws is clearly a legislative function." We are not persuaded.
It is true, as Munt's argument suggests, that the Legislature prescribes punishment for crimes. See State v. Pflepsen , 590 N.W.2d 759, 764 (Minn. 1999). And the judiciary's role in dispensing criminal punishment is limited to imposing sentences within the parameters the Legislature has established. State v. Olson , 325 N.W.2d 13, 18 (Minn. 1982). But to determine the scope of such limits, the judiciary must often interpret statutory language. See State v. Peck , 773 N.W.2d 768, 772 (Minn. 2009) (explaining the court's statutory interpretation principles); see also Hunstiger v. Kilian , 130 Minn. 474, 153 N.W. 869, 870 (1915) (describing judicial power as "the power that adjudicates upon the rights of persons or property, and to that end declares, construes and applies the law"). Because our holding in Stangvik , 161 N.W.2d at 672-73, involved an interpretation of statutory language, we did not exceed our judicial power when we held that section 609.035 does not apply when a defendant commits separate crimes against more than one individual in a single episode.
To be sure, the rule from Stangvik and its progeny has been called the "multiple-victim exception."[14] The rule, however, is better characterized as an interpretation of what actions satisfy the definition of "conduct" under Minn. Stat. § 609.035. The *419 language of section 609.035 regulates punishment for "conduct constitut[ing] more than one offense." In interpreting "conduct" under the statute, we held that behavior that harms one victim is not the same "conduct" for purposes of the statute as behavior that harms multiple victims. Stangvik , 161 N.W.2d at 672-73.
In other words, instead of making an exception for actions that otherwise fall within section 609.035, we held in Stangvik that behavior resulting in crimes against multiple victims does not constitute "conduct" for purposes of section 609.035, and therefore that behavior does not trigger application of the statute. This interpretation was best evidenced when we said: "The fact that the crimes occurred at substantially the same time and place as part of a single behavioral incident does not in itself require the application of the statute." Id. at 673 (emphasis added). We reinforced that characterization in Prudhomme , 228 N.W.2d at 245, when we said: "even though the involved conduct [was] motivated by an effort to obtain a single criminal objective a different application of the statute is appropriate where there are multiple victims." Because the multiple-victim rule is an interpretation of the language of Minn. Stat. § 609.035, the rule is within the judicial branch's authority and does not violate separation-of-powers principles. Munt's separation-of-powers argument therefore fails.
CONCLUSION
For the foregoing reasons, we affirm the decision of the district court.
Affirmed.

The facts underlying the crimes are detailed in our opinion on Munt's direct appeal. State v. Munt , 831 N.W.2d 569 (Minn. 2013). We cite here only those facts relevant to the claims that Munt raises in his Rule 27.03 motion.

Munt was indicted on one count of first-degree premeditated murder, Minn. Stat. § 609.185(a)(l) (2016) (Count 1); two counts of first-degree felony murder, Minn. Stat. § 609.185(a)(3) (Count 2 where the predicate felony was drive-by-shooting, and Count 4 where the predicate felony was kidnapping); one count of first-degree domestic abuse murder, Minn. Stat. § 609.185(a)(6) (Count 3); one count of second-degree intentional murder, Minn. Stat. § 609.19, subd. 1(1) (2016) (Count 5); and one count of drive-by shooting, Minn. Stat. § 609.66, subd. 1e(b) (2016) (Count 6).

Munt was indicted on one count of second-degree assault of T.B., Minn. Stat. § 609.222, subd. 1 (2016) (Count 9).

Munt was indicted on two counts of first-degree aggravated robbery, one for each victim, Minn. Stat. § 609.245, subd. 1 (2016) (Counts 7 and 8), and two counts of second-degree assault, one for each victim, Minn. Stat. § 609.222, subd. 1 (Counts 10 and 11).

Munt was indicted on three counts of criminal vehicular operation causing injury, one for each child, Minn. Stat. § 609.21, subd. 1(1) (2012) (Counts 15, 16, and 17), and three counts of kidnapping, one for each child, Minn. Stat. § 609.25, subd. 1(2) (2016) (Counts 12, 13, and 14).

If the limitations period is relevant here, it expired before Munt filed his motion. We affirmed Munt's conviction in 2013 and he brought the motion at issue in 2017. See Minn. Stat. § 590.01, subd. 4(a)(2) ("No petition for postconviction relief may be filed more than two years after ... an appellate court's disposition of petitioner's direct appeal."); see also Berkovitz v. State , 826 N.W.2d 203, 207 (Minn. 2013) (explaining that a conviction is final for purposes of Minn. Stat. § 590.01, subd. 4(a)(2) 90 days after our court issues a decision on direct appeal unless a petition for certiorari is filed with the Supreme Court).

Before he filed this motion, Munt filed another motion to correct his sentences. When the district court inexplicably did not rule on this motion, Munt sought review in the court of appeals through a writ of mandamus. The court of appeals denied the writ, and we denied Munt's petition for review of the court of appeals' denial. State v. Munt , No. A16-0497, Order (Minn. filed July 19, 2016). Accordingly, Munt has exhausted his avenues for appeal on his first motion, and we do not discuss it further. Munt also complains about the delay in the district court's handling of the motion at issue here. The district court did not rule on Munt's motion for six months, and then the court issued a one-sentence ruling that summarily and without explanation denied the motion. The delay is troubling, as is the district court's failure to offer any reasoning for its result. But, as we explain below, Munt is not entitled to relief on any of his claims. The district court's failures, even if erroneous, do not cause us to grant relief on unmeritorious claims.

Munt relies on Rutledge v. United States , 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). In Rutledge , the defendant had been convicted of a crime and its lesser-included offense. Id. at 294, 300, 116 S.Ct. 1241. The Supreme Court directed the court of appeals to vacate one of the convictions. Id. at 307, 116 S.Ct. 1241. Because Rutledge addresses convictions, it does not help to resolve the question of whether Munt's claims are properly brought under Rule 27.03, subdivision 9.

In addition to Munt's arguments regarding Minn. Stat. §§ 611.02, 609.04, and 609.035, he adds that "any violation of these [statutes] also violates Double Jeopardy." As discussed above, sections 611.02 and 609.04 regulate convictions. Therefore, even if a violation of these statutes also violates the protection against double jeopardy, claims regarding sections 611.02 and 609.04 cannot be challenged under Rule 27.03, subdivision 9. As for section 609.035, we have expressly held that the statute "broaden[s] the protection afforded by our constitutional provisions against double jeopardy." Griffin v. State , 883 N.W.2d 282, 285 n.1 (Minn. 2016) (quoting State v. Schmidt , 612 N.W.2d 871, 876 (Minn. 2000) ) (brackets in original); State v. Johnson , 273 Minn. 394, 141 N.W.2d 517, 521-22 (1966). Accordingly, if Munt's sentences comport with section 609.035, they comport with double-jeopardy protections.

We have sometimes used the phrase "single course of conduct" to describe this interpretation as well. See, e.g. , State v. Jones , 848 N.W.2d 528, 531 n.1 (Minn. 2014) ; State v. Hawkins , 511 N.W.2d 9, 11 (Minn. 1994). Most of our cases, however, use the phrase we use here-"single behavioral incident." See, e.g. , State v. Bakken , 883 N.W.2d 264, 270-72 (Minn. 2016) ; State v. Cole , 542 N.W.2d 43, 53 (Minn. 1996) ; State v. Norregaard , 384 N.W.2d 449, 449 (Minn. 1986).

When a person's actions fall within the scope of section 609.035, the general rule is that the person may be punished for only one offense arising from that behavior. There are, however, several statutory exceptions to this general rule. For example, subdivisions 3, 4, 5, and 6 of section 609.035 provide that convictions for certain offenses are not a bar to punishment for "any other crime committed by the defendant as part of the same conduct."

Minnesota Statutes § 590.03 (2016) provides: "The court shall liberally construe the [postconviction] petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form." We have not yet decided whether this requirement from the postconviction statute applies with equal force to a motion under Rule 27.03, subdivision 9. Because Munt is not entitled to any relief even if we liberally construe the arguments made in his briefs, we need not decide the issue here.

More specifically, Munt challenges the sentences that were imposed for the two counts of first-degree aggravated robbery, one for M.D. and one for C.D. (Counts 7 and 8), the three counts of criminal vehicular injury, one for each child (Counts 15, 16, and 17), and the three counts of kidnapping, one for each child (Counts 12, 13, and 14).

See, e.g. , State v. Jones , 848 N.W.2d 528, 534 (Minn. 2014) ("[E]xceptions [to section 609.035 ] are found in several statutes and in our case law. ... A judicially created exception to section 609.035, subdivision 1, exists for offenses involving multiple victims."); State v. Whittaker , 568 N.W.2d 440, 453 (Minn. 1997) ("This court has carved out an exception to this multiple punishment bar when multiple victims are involved ....").