SCHELLHAS, Judge
Appellant challenges the postconviction court's summary denial of his petition to withdraw his guilty plea, arguing that his plea was involuntary because the state coerced his plea by threatening a sentence unauthorized by law. We reverse and remand.
FACTS
Respondent State of Minnesota charged appellant Malcolm Johnson with second-degree controlled-substance crime after law enforcement stopped Johnson in his vehicle and found 6.2 grams of heroin in October 2013. The state notified Johnson in October 2013 of its intent to seek an aggravated sentence for Johnson as a career offender under Minn. Stat. § 609.1095, subd. 4 (2012). In October 2016, after multiple pretrial hearings, the state notified Johnson of its intent to seek an aggravated sentence for Johnson as a dangerous offender under Minn. Stat. § 609.1095, subds. 2, 3 (2012). Johnson subsequently entered a guilty plea to second-degree controlled-substance crime under a plea agreement that provided for a 100-month sentence. The court sentenced Johnson in accordance with the plea agreement.
Johnson filed a timely postconviction petition seeking to withdraw his guilty plea on the grounds that his plea was involuntary because the state threatened him with a sentence unauthorized by law and his counsel provided ineffective assistance. The postconviction court summarily denied Johnson's petition without an evidentiary hearing.
This appeal follows.
*289 ISSUE
Was Johnson's guilty plea involuntary and therefore invalid because the state coerced the plea by threatening to seek a sentence unauthorized by law?
ANALYSIS
Johnson argues that the postconviction court erred by denying his petition because his plea was involuntary and therefore invalid, and that this court should reverse the denial of his postconviction petition and allow him to withdraw his plea. We agree.
We review the summary denial of a postconviction petition without an evidentiary hearing for an abuse of discretion, and we review whether a defendant made his or her guilty plea voluntarily de novo. Dikken v. State , 896 N.W.2d 873, 876 (Minn. 2017). We reverse a postconviction court's decision to deny a petition if it "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Id . (quotation omitted).
"A defendant has no absolute right to withdraw a guilty plea after entering it." State v. Raleigh , 778 N.W.2d 90, 93 (Minn. 2010). A "court must allow withdrawal of a guilty plea if withdrawal is necessary to correct a 'manifest injustice.' " Id . (quoting Minn. R. Crim. P. 15.05, subd. 1 ). "A manifest injustice exists if a guilty plea is not valid," and a guilty plea is not valid if it is inaccurate, involuntary, or unintelligent. Id . at 94. A defendant bears the burden of showing that his or her plea was invalid. Id .
Johnson argues that he did not voluntarily plead guilty because the state threatened him with an unauthorized sentence. "To determine whether a plea is voluntary, the court examines what the parties reasonably understood to be the terms of the plea agreement." Raleigh , 778 N.W.2d at 96. "Whether a plea is voluntary is determined by considering all relevant circumstances." Id ."To be voluntary, a guilty plea may not be based on 'any improper pressures or inducements.' " Dikken , 896 N.W.2d at 876-77 (quoting Brown v. State , 449 N.W.2d 180, 182 (Minn. 1989) ). "[A] a plea is involuntary when it is induced by coercive or deceptive action." Id . at 877.
If Johnson qualified as a dangerous or career offender, the district court could have sentenced Johnson to the statutory maximum sentence of 25 years. See Minn. Stat. § 609.1095, subds. 2-4 (allowing imposition of an aggravated durational departure from presumptive sentence up to the statutory maximum sentence for dangerous or career offenders); Minn. Stat. § 152.022, subd. 3(a) (2012) (listing 25 years' imprisonment as maximum penalty for second-degree controlled-substance crime). The state here filed two notices of intent to seek an aggravated sentence: the first related to Johnson as a repeat offender on October 29, 2013, and the second notice related to Johnson as a dangerous offender on April 12, 2016.
In response to Johnson's postconviction petition, the state conceded that Johnson did not qualify as a dangerous offender under Minn. Stat. § 609.1095, subds. 2, 3, and it does not argue otherwise on appeal. But the state contended that Johnson nevertheless qualified as a career offender under Minn. Stat. § 609.1095, subd. 4. Before this court, in both its brief and at oral argument, the state conceded that Johnson did not qualify as a career offender. We agree. Based on our independent review of the record, Johnson neither qualified as a dangerous offender nor career offender under section 609.1095, and therefore he did not qualify for sentencing as a dangerous *290 offender or career offender. But the state argues that Johnson's request to withdraw his plea is "inappropriate" because "[e]ven disregarding [Johnson]'s ineligibility for career offender sentencing, he received a remarkable plea deal." But this argument does not address the state's inducement of Johnson's plea based on its threat of an aggravated sentence unauthorized under section 609.1095. See Munt v. State , 920 N.W.2d 410, 414 (Minn. 2018) ("A sentence is unauthorized if it is contrary to law or applicable statutes." (quotation omitted)).
The record here shows that Johnson was induced by the state's threat. At the plea hearing, Johnson's counsel reviewed the terms of the plea agreement, the waiver of Johnson's trial rights, and the contemplated 100-month sentence and then asked Johnson: "And you told me that you wanted to do this and you didn't want to jeopardize the situation .... Do you understand that?" (Emphasis added.) Johnson said yes. In the postconviction proceeding, maintaining that Johnson qualified as a career offender under Minn. Stat. § 609.1095, subd. 4, the state argued that when Johnson entered his plea, "[o]ne of the considerations, undoubtedly, was the real and distinct possibility of an aggravated sentence." And the postconviction court also acknowledged the state's threat of an aggravated sentence at the time of Johnson's plea, as follows:
In this case, [Johnson] argues that his attorney's performance was deficient in that he should have advised him that there was no possibility of aggravated sentencing and further argues that but for his failure to advise, he would not have accepted the plea agreement.
As shown in the transcript of the plea hearing, the parties agreed to 100 months. See Transcript of Plea Hearing at 7. 100 months is well within the presumptive range of the sentence. [Johnson] was advised of his rights both on the record and via petition. Further, had [Johnson] been convicted at trial, he could have faced an upward departure to the statutory maximum. Based on these factors, [Johnson]'s counsel provided reasonably effective assistance.
(Emphasis added.)
We conclude that when the state threatened Johnson with an aggravated sentence unauthorized by law, it coerced Johnson's plea. See Black's Law Dictionary 294 (9th ed. 2009) (defining "coerce" as "[t]o compel by force or threat"); Thompson ex rel. Minor Child v. Schrimsher , 906 N.W.2d 495, 500 (Minn. 2018) (using dictionary to ascertain meaning of word). Because a compelled or forced plea is not voluntary, we conclude that Johnson's plea was neither voluntary nor valid and constituted a manifest injustice. The district court should allow Johnson to withdraw his plea. Cf. Dikken , 896 N.W.2d at 877-78 (denying defendant relief when he did not "allege that the prosecutor or the court did anything improper to induce him to enter a plea"). Because we conclude that Johnson's plea was coerced and therefore involuntary and invalid, we need not address whether Johnson received ineffective assistance of counsel. See Court Park Co. v. County of Hennepin , 907 N.W.2d 641, 645 n.4 (Minn. 2018) (declining to address issue when case decided on other grounds (citing State v. Kuhlman , 729 N.W.2d 577, 584 (Minn. 2007) )).
DECISION
Because the state coerced Johnson's guilty plea by threatening a sentence unauthorized by law, Johnson's plea was involuntary and invalid. We therefore reverse the postconviction court's denial of Johnson's postconviction petition and remand *291 to the district court to allow Johnson to withdraw his plea.
Reversed and remanded.