REYES, Judge
On direct appeal from a final judgment of conviction, appellant argues that the district court erred in imposing a sentence for second-degree assault because it arose out of the same behavioral incident as his conviction of drive-by shooting, and no "exception" to Minn. Stat. § 609.035, subd. 1 (2016), applies. We affirm.
*457 FACTS
In April 2017, appellant Deveon Marquise Branch met C.R.G. at a location in Minneapolis to drop off their son. After appellant gave the child to C.R.G., another individual named J.L.T., the child, and C.R.G. entered C.R.G.'s vehicle. A fifth individual, C.L.G., stood outside, next to the vehicle. Appellant and C.L.G. started arguing. Appellant pulled out a handgun and attempted to fire a shot in C.L.G.'s direction, but the bullet struck the vehicle with C.R.G., J.L.T., and the child inside.
The state charged appellant with one count of drive-by shooting in violation of Minn. Stat. § 609.66, subd. 1e(b) (2016), one count of second-degree assault with a dangerous weapon in violation of Minn. Stat. § 609.222, subd. 1 (2016), and one count of reckless discharge of a firearm in violation of Minn. Stat. § 609.66, subd. 1a(a)(3) (2016). The complaint named C.R.G., an occupant of the vehicle, as the victim of the second-degree-assault charge.
Appellant pleaded guilty to all three counts with no agreement on sentencing. The district court sentenced appellant to 48 months in prison for the drive-by-shooting offense (count one) and 36 months for the second-degree-assault offense (count two). The district court did not impose a sentence on the offense of reckless discharge of a firearm. This appeal follows.
ISSUE
Did the district court err by imposing multiple sentences for drive-by-shooting and second-degree-assault offenses when both convictions arose out of a single behavioral incident and when the multiple-victim rule of Minn. Stat. § 609.035, subd. 1, does not apply?
ANALYSIS
Appellant contends that the district court must vacate his sentence for second-degree assault because, first, both of his convictions "arose out of a single behavioral incident, motivated by a single criminal objective," and, second, because no "exception" to the one-sentence-per-victim component of Minn. Stat. § 609.035, subd. 1, applies to the facts of his case. We address appellant's second argument first.
Whether offenses arising from a single behavioral incident are subject to multiple sentences under Minn. Stat. § 609.035, subd. 1 (2016), is a question of law which we review de novo. State v. Ferguson , 808 N.W.2d 586, 590-91 (Minn. 2012). Under Minn. Stat. § 609.035, subd. 1, "if a person's conduct constitutes more than one offense ... the person may be punished for only one of the offenses." Section 609.035, subdivision 1, contemplates that "a defendant will be punished for the most serious of the offenses arising out of a single behavioral incident because imposing up to the maximum punishment for the most serious offense will include punishment for all offenses." State v. Kebaso , 713 N.W.2d 317, 322 (Minn. 2006) (quotations and citations omitted).
Appellant acknowledges the existence of the multiple-victim rule of section 609.035, subdivision 1. See Munt v. State , 920 N.W.2d 410, 418-419 (Minn. 2018). The rule allows a district court to impose more than one sentence for convictions arising out of a single behavioral incident when multiple victims are involved, State v. Whittaker , 568 N.W.2d 440, 453 (Minn. 1997), provided that (1) the crimes affect multiple victims and (2) multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct. State v. Skipintheday , 717 N.W.2d 423, 426 (Minn. 2006) ; see also Munt , 920 N.W.2d at 417 (stating that legislature did not intend to immunize offenders from consequences of *458 separate crimes against separate victims. (quotations omitted)).
In State v. Ferguson , the supreme court relied on this rule to uphold the imposition of multiple sentences for eight counts of aiding and abetting second-degree assault and one count of drive-by shooting, after the defendant had committed a drive-by shooting of a building with eight occupants. 808 N.W.2d at 588. Appellant argues that Ferguson is distinguishable from his case because, (1) the supreme court specifically limited its decision in Ferguson to drive-by shootings of occupied buildings, and excluded drive-by shootings of motor vehicles; (2) Ferguson involved multiple assault victims, while appellant's case involves only one;[1] and (3) unlike in Ferguson , vacating appellant's sentence for second-degree assault would not unfairly depreciate the seriousness of his offense.
As to appellant's first argument, the Ferguson court "express[ed] no opinion about who could be victims of a drive-by shooting at a person or an occupied vehicle" because that issue was not before the court. 808 N.W.2d at 590 n. 1. But that issue is before us now, and we will address it.
The supreme court in Ferguson based its decision on a close reading of the language of the drive-by-shooting statute, which provides that:
(a) [w]hoever, while in or having just exited from a motor vehicle, recklessly discharges a firearm at or toward another motor vehicle or a building is guilty of a felony and may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $ 6,000, or both.
(b) Any person who violates this subdivision by firing at or toward a person, or an occupied building or motor vehicle , may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $ 20,000, or both.
Minn. Stat. § 609.66, subd. 1e(a)-(b) (emphasis added). The Ferguson court noted that the drive-by-shooting statute requires only a reckless discharge of a firearm at or toward an occupied building and that nothing in the statute requires that the shooter know that the building is occupied by the victims. Id. at 591. Additionally, unlike for the crime of assault, the drive-by-shooting statute does not require that the occupants of the building "be injured, put in fear, or even be aware of the shooting." Id. Based on the statute's plain language, the supreme court reasoned that "a single count of drive-by shooting at an occupied building does not constitute a crime against each building occupant," and that "the imposition of sentences on the eight assault convictions plus a sentence on the drive-by-shooting conviction did not violate the 'one sentence per victim' component of Minn. Stat. § 609.035, subd. 1." Id. at 590.
The same reasoning applies here. The statutory elements are identical for both a drive-by shooting at an occupied building and a drive-by shooting at an occupied motor vehicle. Minn. Stat. § 609.66, subd. 1e (a)-(b). And the statute describes drive-by shooting at an occupied building and drive-by shooting at an occupied motor vehicle in the very same clause. Under a plain reading of the statute, there is no distinction between the two offenses; both are premised on the object of the shooting - an occupied building or motor vehicle, *459 rather than the building or vehicle occupants. See id. (providing that drive-by-shooting offenses include "recklessly discharges a firearm at or toward another motor vehicle or a building").
Applying Ferguson to the facts here, we hold that the offense of drive-by shooting at an occupied motor vehicle does not constitute an offense against each of the vehicle's occupants.[2] As a result, the district court did not err by imposing sentences for drive-by shooting and second-degree assault, even if both convictions arose out of a single behavioral incident involving the same victim.
We need not address appellant's remaining two reasons for why Ferguson does not apply because our holding resolves the question of whether the logic of Ferguson applies to occupied motor vehicles. Additionally, following Ferguson precludes the need to address appellant's first argument as to why the district court must vacate his sentence for second-degree assault.
DECISION
Consistent with Ferguson , we hold that a single count of drive-by shooting at an occupied motor vehicle does not constitute an offense against each of the vehicle's occupants. Accordingly, the district court did not err by imposing sentences for drive-by shooting and second-degree assault, even if both convictions arose out of a single behavioral incident involving the same victim.
Affirmed.

Appellant's brief identifies C.L.G. as the only victim. However, the complaint names C.R.G. as the second-degree-assault victim, and C.R.G. was an occupant of the vehicle implicated in the drive-by-shooting offense.

This court addressed this very issue in an unpublished opinion, State v. Neal-Hill , No. A09-2307, 2012 WL 3101272, at *1 (Minn. App. July 30, 2012), review denied (Minn. Oct. 16, 2012), however, unpublished opinions of this court are not precedential. Minn. Stat. § 480A.08, subd. 3(c) (2018).